UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| MELQUAN LANE, | Index No.: |
| Plaintiff, | COMPLAINT |
| -against- | |
| | Plaintiff Demands Trial by Jury |
| THE CITY OF NEW YORK and POLICE OFFICER DIERY LOUIS, | |
| Defendants. | |

-------------------------------------------------------------X

Plaintiff, MELQUAN LANE by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and Police Officer DIERY LOUIS, Shield No.: 29819 ("P.O. LOUIS"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, MELQUAN LANE seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff MELQUAN LANE is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICER DIERY LOUIS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. LOUIS acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the

City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

8. On or about December 14, 2017 at approximately 10:00 P.M. plaintiff was visiting with family inside of apartment 2F at 153 Marcus Garvey Boulevard when officers from the New York Police Department, including defendant POLICE OFFICER DIERY LOUIS, arrived with an arrest warrant for one of plaintiff's older cousins.

9. Upon information and belief, the officers discovered the subject of their arrest warrant in a bedroom in the apartment.

10. In the same bedroom the officers discovered a number of allegedly fraudulent credit cards and an amount of counterfeit currency.

11. In a second bedroom, officers discovered an amount of marijuana inside of a dresser drawer.

12. According to the criminal complaint, plaintiff was discovered sitting on a sofa in the living room area.

13. Plaintiff had no knowledge of any contraband whatsoever inside of the apartment.

14. However, upon discovery of the allegedly fraudulent cards and marijuana, defendant P.O. LOUIS placed plaintiff under arrest along with several other members of his family.

15. Plaintiff was handcuffed, taken to a police vehicle and transferred to the 81st precinct.

16. Plaintiff was held at the 81st precinct for approximately 24 hours before being given a desk appearance ticket and released. The DAT was later dismissed.

17. At no time during this course of events did plaintiff commit any act for which he could lawfully be arrested or ticketed.

18. Plaintiff had never been arrested before this incident.

19. As a result of this incident plaintiff experienced a period of false imprisonment lasting approximately 24 hours.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 against defendant Police Officer DIERY LOUIS*

20. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

21. At all times during the events described above, defendant P.O. LOUIS lacked probable cause to arrest plaintiff.

22. At all times during the events described above defendant P.O. LOUIS acted under the color of state law.

23. The acts complained of were carried out by defendant P.O. LOUIS in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

24. The arrest of plaintiff by defendant P.O. LOUIS deprived plaintiff of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. As a result of the aforementioned acts of defendant P.O. LOUIS plaintiff suffered a period of false imprisonment lasting approximately 24 hours.

## **AS FOR A SECOND CAUSE OF ACTION**

### **Municipal Liability under 42 U.S.C. § 1983 against the City of New York**

26. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendant because his conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

28. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

29. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

30. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendant on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

31. The wrongful polices, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 10/29/2018
      Brooklyn, NY

                      By:      /s/Alexis G. Padilla
                            Alexis G. Padilla, Esq. [AP8285]
                            *Attorney for Plaintiffs*
                            *Melquan Lane*
                            575 Decatur Street #3
                            Brooklyn, NY 11233
                            (917) 238-2993
                            alexpadilla722@gmail.com